## Case No. 17,358.

### WEIDE v. GERMANIA INS. CO.

[1 Dill. 441.] [1]

Circuit Court, D. Minnesota. 1870.

FIRE INSURANCE—REFUSAL TO ANSWER—FRAUD.

1. Under certain provisions of a fire insurance policy, the refusal of the assured to submit to an examination on oath, or to answer material questions respecting the loss, was considered not to work a forfeiture of the policy, but only not to cause the loss not to be payable until this was done; and such refusal should be pleaded in abatement, and separately from defences in bar.

2. False statements on oath by the assured, with intent to deceive the company, relative to the terms of settlement with other companies having risks on the same property, are material, and will defeat any right on the part of the assured to recover.

3. If the assured, after the loss, with intent to deceive the company, exhibits to it books of accounts containing false entries of a material nature, this is a fraud, and will defeat all right to recover upon the policy.

Action on fire insurance policy. The policy contained the usual condition as to the duty of the assured to give notice of the fire, and to render a particular account of the loss, signed and sworn to by the assured, and to produce a certificate of a magistrate as to the loss, and his opinion as to its bona fides. It was also provided therein that "the assured shall, if required, submit to an examination, under oath, by the company, and produce his books of accounts, vouchers, copies of bills and invoices, and exhibit the same for examination." The policy also provided for an appraisement of the property insured in case of loss by fire. Then followed clauses in the policy in the following words, viz: "And until such proofs, declarations, and certificates are produced, and examination and appraisal permitted, the loss shall not be payable." "All fraud or attempted fraud, or false swearing on the part of the assured, shall cause a forfeiture of all claim under the policy."

Allis, Gilfillan & Williams, for plaintiff.

Storrs, Lamprey, Paul & Brisbin, for defendant.

PER CURIAM (MILLER, Circuit Justice, and DILLON, Circuit Judge, concurring). It was held:

1. Under the above provisions of the policy, that a refusal on the part of the assured, to submit to an examination on oath, or his refusal, on such an examination, to answer material questions respecting the loss, would not have the effect to cause a "forfeiture," by the assured, of all claim under the policy, but simply to cause the "loss not to be payable," until such examination is submitted to, or such answer given.

2. That a defence under the clause that the assured had thus refused to be examined, or thus to answer questions, is in the nature of a plea in abatement, showing no present cause of action, and should be pleaded separately from the defence of "fraud" or "false swearing" which, if established, is a complete bar to a recovery, at any time, on the policy.

3. Under a plea setting up the defence of "false swearing:" held by the court that false swearing by the assured, either in the preliminary proofs of loss, or in the examination on oath as required by the policy, in a matter material to the rights of the company, with intent to mislead the company, would work a forfeiture of the policy; and false statements by the assured, on such examination, with intent to deceive and mislead the company, relative to the terms of settlement by the assured with other companies which had insured the same property, are material, and will defeat any right to recover under the policy.

4. Under the defence of "fraud," properly pleaded: held that if the assured, after the fire, with intent to deceive the company, exhibited to it books of accounts, in which there were false entries as to the value and amount of the goods insured and claimed to have been burned, this would be a fraud, or an attempt at fraud within the meaning of the policy, and would forfeit all rights thereunder.

NOTE. So in Missouri and Pennsylvania, it is held that the false statement, to work a forfeiture of all claim under the policy, must be willfully made with respect to a material matter, and with intent to deceive the insurer. Marion v. Great Republic Ins. Co., 35 Mo. 148; Franklin Fire Ins. Co. v. Updegraff, 43 Pa. St. 350. Questions of evidence ruled by the supreme court in cases connected with this loss. Insurance Co. v. Weide, 9 Wall. [76 U. S.] 677, 11 Wall. [78 U. S.] 438 [and 14 Wall. (81 U. S.) 375].