# Aachen & Munich F. I. Co. *v.* Arabian Toilet Goods Co.

## *Assumpsit.*

(Decided February 3, 1914. 64 South. 635.)

1. *Insurance; Defense; Matters of Abatement; Fire Insurance.*— A refusal of an insured to submit to an examination under oath in accordance with the provision of the fire policy did not have the effect to forfeit or avoid the contract and bar recovery, but merely suspended the right of recovery until a compliance therewith; hence, such refusal was a matter of abatement only.

2. *Same; Evidence.*—Where the action was on a fire policy, and a plea set up the condition requiring proof of loss and submission to an examination under oath, and alleging that no proof of loss had been furnished, and that insured refused to submit to an examination, evidence that an attorney representing another insurance company, whose policy covered the same loss, examined insured, with the knowledge of the agent of defendant, professing to act as attorney for both companies, and prepared proofs of loss, which were accepted by defendant was admissible.

3. *Same; Construction; Articles Covered.*—Where the policy was issued on a stock of toilet articles, labels, machinery, bottles and powders, it covers corn starch as a matter of common knowledge.

4. *Evidence.*—Where the action was on a fire policy and the insurer set up that the insured herself burned the articles, it was competent to show the value of the property as shedding light on that question.

5. *Same; Estoppel to Deny Agent's Authority.*—Where an attorney without authority prepared proofs of loss, which were accepted by the insurer, and examined insured under oath in accordance with the provision in the policy, with the knowledge of the insured, having acquiesced in the acts of the attorney and accepted proof of loss prepared by him, and the examination of insured which he made, the insurer was estopped to deny his authority.

6. *Pleading; Abatement; Time; Waiver.*—A plea to the merits is a waiver of defenses available in abatement; hence, where an insurer fild a plea of the general issue, it could not rely on the refusal of an insured to submit to an examination under oath concerning the loss, as that was a matter of abatement only.

7. *Witnesses; Examination; Scope.*—The scope of a cross-examination of a witness rests largely in the discretion of the trial court, whose action will not be reviewed unless abuse is shown.

APPEAL from Etowah Circuit Court.

Heard before Hon. JAMES E. BLACKWOOD.

Action by the Arabian Toilet Goods Company against the Aachen & Munich F. I. Company, on a fire policy. Judgment for plaintiff and defendant appeals. Affirmed.

HOOD & MURPHREE, for appellant. The demurrers attempt to set up matter in reply to the pleas which could properly come only by way of replication.—*Trustees v. Winston,* 5 S. & P. 17. Counsel discuss the assignments of error relative to evidence, but without citation of authority.

GOODHUE & BRINDLEY, for appellee. The direct question presented by the demurrers to the pleas has been decided against appellant.—1 Dill. C. C. Rep. 441; 19 Cys. 1926. The evidence of the authority of the agent or its ratification by the insurance company of proof of

loss and examination under oath was sufficient under the terms of the policy, and estopped the insurer from denying the agent's authority.—*Tabor v. Royal I. Co.,* 124 Ala. 681; *Capital C. I. Co. v. Caldwell,* 95 Ala. 77; *Home I. Co. v. State,* 71 Ala. 516; 46 Am. St. Rep. 797. Counsel discuss other assignments of error relative to evidence, but without further citation of authority.

PELHAM, J.—The appellee, as plantiff in the lower court, brought suit on a fire insurance policy to recover the value of certain toilet articles, etc., alleged to have been destroyed by fire while covered by the policy of insurance, and located in a brick storehouse in Chattanooga, Tenn., on September 26, 1911. Besides the general issue, the defendant filed special pleas numbered 2, 3, 4, 5, 6, and 7. Pleas 2, 4, 5, and 6 set up in varying language a stipulation contained in the policy of insurance, requiring the insured to submit to an examination under oath as often as required by the company, and alleged different breaches of this condition of the policy in the refusal of the plaintiff to submit to such examinations. Plea No. 3 charged the plaintiff with having burned, or instigated another to burn, the goods insured, and for which a recovery was sought in this suit under the policy. Plea 7 set up the conditions in the policy requiring proof of loss and submission to examination under oath, and alleged that no proof of loss had been furnished the company by the plaintiff, and that Mrs. L. C. Rickels, the insured, doing business as "The Arabian Toilet Goods Company," had refused to submit to examination at a certain time designated and specified. The court sustained demurrers to pleas 2, 4, 5, and 6, and among other grounds assigned to each of these pleas was, in effect, a ground asserting that the facts disclosed show that, if proven, the alle-

gations of the plea do not constitute a bar to the cause of action, but at most only an abatement of the present suit.

Plea No. 1 was the general issue, a plea to the merits, and would be a waiver of defenses available in abatement.—6 Mayf. Dig. 719, § 159. Nor did these pleas in other respects comply with the requirements of pleas in abatement.—Code, § 5332; *Moore Bros. v. Cowan,* 173 Ala. 536, 55 South. 903. It was held in *Weide v. Germania Ins. Co.,* Fed. Cas. No. 17,358, 1 Dill. 441, that the failure or refusal of the insured to submit to an examination on oath under the usual stipulations of a policy containing such a requirement does not work a forfeiture of the policy, but only causes the loss not to be payable until the condition is complied with, and that such refusal should be pleaded in abatement and separately from defenses in bar of recovery in all events at any time. The effect of the refusal of the assured to answer questions on oath under the terms of the policy is not to forfeit or avoid the policy and bar recovery on it, but to suspend the right of payment or recovery until the answers are given in compliance with the condition. Objection that the action is prematurely brought, that the assured refused to submit to an examination should be raised by plea in abatement.—19 Cyc. 926 (3). We think that, for the reasons given, the trial court is not to be put in error for sustaining demurrers to the pleas numbered 2, 4, 5, and 6.

The case was tried on the issues tendered by the defendant's pleas 1, 3, and 7, and plaintiff's special replication to plea 7, setting up that the defendant designated one Joe V. Williams, an attorney of Chattanooga, Tenn., as the person selected by it, under the stipulation contained in the policy requiring the assured to submit to examination under oath, as the person to conduct

[Aachen & Munich F. I. Co. v. Arabian Toilet Goods Co.]

such examination, and averring that plaintiff (assured) had submitted herself to examination under oath by said Williams, and had never refused or declined to submit to examination under oath by said Williams at any time.

It developed on the trial that the plaintiff had two policies of insurance covering the loss, one with the defendant company, and one with the Detroit Fire Insurance Company. Shortly after the fire, one Erwin undertook, as its agent, to adjust the loss on behalf of the Detroit company, and employed the attorney Williams, of Chattanooga, to represent the Detroit company in securing an adjustment of the loss under that policy. The suggestion was made that Williams would probably be employed to represent both companies in the event of litigation, and the adjuster of the defendant company went with Erwin to this attorney's office. Thereafter, November 27, 1911, the fire having occurred September 26, 1911, Williams, professing to act as the attorney of both companies, according to the testimony of the plaintiff, and signing both insurance companies" names by himself as attorney to the nonwaiver agreement, thus undertook to conduct an examination for both companies, and examined the plaintiff and others under oath. In this examination, proofs of loss, etc., were regularly and extensively gone into in detail. On the trial, Williams denied that he represented the defendant company, and said that he had authority to represent only the Detroit company in this examination, and did not know how he came to sign the defendant company's name by himself as attorney to the paper in question. It was shown, without contradiction, in the evidence, however, that on December 8, 1911, one Windell, as manager of the Southern Adjustment Bureau, at Atlanta, Ga., received these papers. Win-

dell was, in his representative capacity, adjuster for the defendant company, and was apprised by these papers that Williams was assuming to act with the plaintiff for and on behalf of the defendant company in conducting the examination and securing an inventory of the goods as proof of loss, for these papers on their face carried notice of this fact to Windell, the agent of the defendant company, who testified that, at no time after acquiring this knowledge on December 8, 1911, when the papers came into his office, and were shown to bear his office stamp of that date, did he notify the plaintiff that Williams was not acting for the defendant company. Nor did he repudiate the act of Williams in assuming to represent the defendant company by signing its name as attorney to the papers, or take any steps in that direction, but, on the contrary, accepted the paper prepared by Williams without objection, and stamped the day of its receipt upon it with the regular office stamp. It was also shown that an inventory, or proof of loss, made by the plaintiff to Williams on October 14, 1911, and addressed to the defendant company, was received in this same office by Windell on October 23, 1911, stamped with the office stamp on that date, and marked by Windell himself as "proof of loss."

The issues tendered under the defendant's seventh plea made the testimony we have summarized relevant, and we think it was entirely permissible to prove the circumstances showing that Williams assumed to act for the defendant company in making the examination and taking the proof of loss; that plaintiff, as the assured in the policy, relied upon his representations; that the defendant's admitted authorized agent had notice or came into knowledge of the fact that Williams assumed to be acting for it in the premises, and did not repudiate or disavow the agency when it had opportu-

nity of doing so, but, with knowledge of the fact, and by its failure to notify the assured, permitted her to rely on Williams's examination as an act authorized by the defendant company.—*Enos v. St. Paul, etc., Ins. Co.,* 4 S. D. 639, 57 N. W. 919, 46 Am. St. Rep. 797. The assignments of error based on the rulings of the court in admitting evidence of these facts are not well taken, as it was relevant and proper as going to establish an estoppel.

Whether or not the policy of insurance on a stock of toilet articles, labels, machinery, bottles, powder, and cartons covered the article of "cornstarch" (and we think it would not be going too far to say as a matter of common knowledge it did), the value of which was testified to against the defendant's objection, it was certainly permissible, under the issues tendered by the plea setting up that the property was burned by the plaintiff, to show the value of all the property of the plaintiff destroyed by the fire, as shedding light on the probability of such an act upon her part.

As to those assignments of error based on the court's rulings in sustaining the plaintiff's objections to certain questions propounded to the plaintiff while under cross-examination by defendant's counsel, we can say that, after a careful reading of the testimony of the witness as set out in the bill of exceptions, it appears to us that, while possibly the trial court did not allow as full and wide a scope to the extent of the cross-examination of this witness as it seems the circumstances might perhaps have justified, so far as we are able to judge from the written testimony (which falls far short of affording the opportunity of properly judging that is possessed by the trial judge, who had the privilege of seeing and hearing the witness in person), still this a matter largely in the discretion of the trial judge, and we can-

not say that it is made to appear that there was such an abuse of discretion shown by anything set out as would justify this court in reversing the judgment on that account. Some of the questions to which objections were sustained called for matters as to which the witness had already answered, and it is not error, but quite proper, for the court not to permit the useless consumption of time in mere repetition; and the restriction of the examination in other respects does not show, as we have in effect said, an abuse of the court's discretion with respect to any matter that could or would probably, in our opinion, result in injury. to the defendant—certainly not to the extent of showing an error in the abuse of discretion authorizing a reversal because of the restriction of the cross-examination of this witness to the extent of having deprived the defendant of any material right.

The rulings of the court with respect to the cross-examination by plaintiff's counsel of the witness Ferris do not, we think, under the established recognized rule, show error, or an unfair or unjust exercise of the trial court's discretion.

Other assignments of error based on the court's rulings on the evidence that are argued in brief are clearly without merit, and do not, in our opinion, require discussion. We do not, of course, deem it necessary to refer to those rulings made the basis of assignments of error that are not discussed in brief for appellant, as the failure to discuss these assignments is a waiver of them.

Whether or not Williams was acting for and on behalf of the defendant company authoritatively, its acknowledged agent, Windell, in the due course of business did come into possesion of the proofs of loss and an examintion under oath made by the plaintiff at the time

Williams undertook to act for the defendant company and signed its name to one of the papers by him as its agent or attorney; and it is not disputed that this acknowledged agent accepted the papers without objection and did not undertake to repudiate Williams's action as being unauthorized. This acceptance of the proofs of loss and examination of the assured under oath by the company's authorized agent without objection or repudiation of Williams's authority to act, after it had full knowledge of his undertaking to act in the matter for it, was such conduct as would estop it from subsequently, on the trial of the case, denying Williams's authority in the premises, and repudiating his acts and the papers received under such circumstances; and the court was justified, on the undisputed evidence on this proposition under the issues of the seventh plea, in giving the general charge for the plaintiff on that plea. It is to be borne in mind in this connection that plea 7 conjointly sets up that "no proof of loss whatever" had ever been furnished the defendant, and that the plaintiff had failed to submit itself to a certain examination under oath demanded of it. It was shown, without conflict in the evidence, that the defendant's agent, Windell, did receive without objection the proof of loss dated at Chattanooga, October 14, 1911, and served on the defendant's agents at that place, at the Atlanta office of the defendant on October 23, 1911, as shown by the defendant's office stamp, and that the paper was designated by defendant's agent as "proof of loss" by a memorandum to that effect admittedly entered on it by him, as well as subsequently receiving the examination under oath of a later date also containing proofs of loss.

We have not noticed each of the 26 assignments of error individually, but have endeavored to go over the

grounds covered by all of those discussed by counsel for appellant in brief, and it is our conclusion that no reversible error is shown by those insisted upon in argument as constituting such error.

Affirmed.