**AMERICAN MACARONI MFG. CO. et al. v. NIAGRA FIRE INS. CO. OF NEW YORK.**

**SIMONETTI et al. v. PHOENIX INS. CO. OF HARTFORD, CONN.**

**SIMONETTI et al. v. NORTH RIVER INS. CO. OF NEW YORK.**

Nos. 5254–5256.

District Court, N. D. Alabama, S. D.
March 26, 1942.

Wilkinson & Skinner, of Birmingham, Ala., for plaintiffs.

Coleman, Spain, Stewart & Davies, of Birmingham, Ala., for defendants.

MURPHREE, District Judge.

These are three declaratory judgment actions instituted in the state court and removed to this court because of diversity of citizenship. Each of the three defendants is a fire insurance company, with which plaintiffs had a fire insurance policy at the time of a fire at their factory on February 22, 1941.

### No. 5254

The policy in No. 5254 covered a fire loss to plaintiffs' stock of merchandise. The complaint alleges that plaintiffs signed on March 1, 1941, a written agreement as to the sound value and loss and damage to the property insured, in consideration of defendant's oral agreement, through an adjuster, that the amount agreed upon would be paid within a week or ten days. The said written agreement as to sound value and loss and damage, as set out in the complaint, contains the following provisions: "said sums as herein agreed to and above set out are binding and conclusive upon all parties hereto as to the amount of sound value and amount of loss and damage only, with the expressed understanding that no liability is fixed hereby, and that this agreement does not in any sense waive formal Proof of Loss or any of the conditions or provisions of the Policies of said Insurance Companies. The sole purpose of this instrument is to evidence the agreement between the parties hereto as to the Sound Value and Loss and Damage."

Plaintiffs filed proof of loss on March 20, 1941. Thereafter, on April 29, 1941, the defendant served upon plaintiffs a letter demanding that plaintiffs submit to examination under oath and produce for examination their books of account, bills, invoices and other vouchers, in accordance with the terms of the insurance policy. Plaintiffs al-

lege that defendant has waived the right to make this demand because (1) it was made too late, and (2) it was made after the said oral agreement to pay the agreed loss in a week or ten days. Defendant moves to dismiss the complaint for two basic reasons: (1) the complaint does not disclose a controversy properly justiciable, and (2) the facts alleged do not entitle plaintiffs to the relief for which they pray. That relief prayed is for a declaration that defendant has waived its right to demand the said examinations and for a declaration that plaintiffs have a right to maintain an action on the policy with defendant.

■■ It is our opinion that a justiciable controversy exists here. It seems to us that it would be merely an advisory opinion rather than a final adjudication to declare whether or not plaintiffs may successfully maintain an action against defendant on the insurance policy; plaintiffs may get a complete answer to that question when they bring such an action. However, it does appear to be a presently justiciable controversy as to whether defendant has waived its right to demand an examination of plaintiffs as provided in the policy. This matter presents a distinct and ripe controversy as to the relative rights and duties under the contract. The plaintiffs need not be forced to determine this issue at the risk of affecting their other rights under the contract. As stated in the Notes to Federal Rules of Civil Procedure, compiled by the Supreme Court Advisory Committee, sub Rule 57: "The existence or non-existence of any right, duty, power, liability, privilege, disability, or immunity or of any fact upon which such legal relations depend, or of a status, may be declared."

■■ We do not think it necessary to decide whether the Federal or the Alabama declaratory judgment law is controlling because, as we understand the law, there would be no difference in result under either. Title 7, Sec. 158, Code of Alabama 1940, part of the Alabama declaratory judgment law, provides: "A contract may be construed either before or after there has been a breach thereof." This authorizes construction by this court of both the original insurance contract and the subsequent sound value and loss and damage contract to determine their effect on defendant's present right to the demanded examination. That a declaratory judgment is precisely the remedy to relieve plaintiffs from their dilemma with respect to submission to the examination is made

clear in Borchard, Declaratory Judgments (1934 Edition), e. g., p. 40 et seq.

■ Yet, having determined that the controversy is a justiciable one, we are of the opinion that the plaintiffs' complaint shows on its face that the adjudication must be adverse to the plaintiffs. None of the plaintiffs' allegations seem sufficient to establish a waiver by defendant of its right to the examination. In answer to the allegations that defendant's demand was made too late and not in reasonable time, it may be pointed out that it is alleged that the fire occurred on February 22, 1941, the plaintiffs' proof of loss was filed on March 20, 1941, the demand for the examination was made on April 29, 1941, and the policy contains the following provision: "the loss shall not become payable until sixty days after the notice, ascertainment, estimate and satisfactory proof of loss herein required have been received by this company * * *." Certainly it is not too late to demand such examination at a time when the loss is not yet payable under the policy, and, aside from the policy, it is not made to appear that defendant's demand was other than reasonably prompt.

■ Plaintiffs also allege that defendant has waived its right to demand the said examinations by virtue of the fact that plaintiffs have filed their proof of loss. Nothing in the terms of the policy or in law appears to raise a waiver on account of this circumstance.

Finally, plaintiffs allege that defendant has waived its right to demand the examinations by virtue of the agreement as to the loss and the agreement to pay the loss within a week or ten days.

■ This latter alleged oral agreement to pay the loss within a week or ten days may not vary the provisions of the contemporaneous written agreement which by its terms expressly precludes any agreement to pay the loss.

■ As far as the original contract is concerned, it is clearly a prerequisite of suit by plaintiffs that they submit to the examinations demanded. Aachen & Munich F. I. Co. v. Arabian Toilet Goods Co., 10 Ala. App. 395, 64 So. 635. The agreement as to the amount of loss in no way waives this requirement.

## Nos. 5255 and 5256

These two cases involve similar questions of law, and will be treated together for that reason.

The policies in Nos. 5255 and 5256 covered fire loss to plaintiffs' equipment and machinery. According to the complaint no agreement was made as to the amount of loss; these defendants had an appraiser to estimate the loss, and the defendants then invoked the arbitration clause of the insurance policies, naming the said appraiser as their member of the arbitration board and also invoked the examination clauses as in the preceding case. Plaintiffs want from this court a declaration that defendants waived their right to the arbitration by virtue of their nomination of their appraiser, one Camp, because he is not a disinterested and competent appraiser within the meaning of the arbitration clauses of the policies, that defendants have waived their right to the said examinations and a declaration that plaintiffs may maintain actions on the policies. Defendants have filed motions to dismiss, similar in substance to that filed in the preceding action.

On the issue of justiciability the same comments and conclusions apply to this as to the preceding action. As with defendants' right to examine plaintiffs and their records, it is justiciable to determine whether plaintiffs must submit to the arbitration; but it is not justiciable to declare whether plaintiffs may successfully maintain, at the present time, actions on the policies in some other proceeding.

In these actions, as in the preceding one, we are of the opinion that plaintiffs have not alleged sufficient facts to constitute either waiver by defendants of their examinations or of their right of arbitration under the contract. The alleged grounds of such waiver are: (1) The demand for the arbitration and for examination of plaintiffs and their records was not made in reasonable time, and (2) the nomination by defendants of an interested appraiser for its representative in the arbitration.

In these policies, as in the policy in the preceding case, there is a provision that the loss be payable sixty days after proof of loss. Here the proofs of loss were filed March 24, 1941, in each case and also on March 28, 1941, in case No. 5256; the demand for arbitration was made on April 4 and again on April 9, 1941, in No. 5255, and on April 8, 1941, in No. 5256; and the demands for examination on April 29, 1941, and July 7, 1941, respectively, in the two cases. Several of these demands having been made before the loss was payable un-

der the policy, and the only demand made thereafter having been made after plaintiffs refused to arbitrate, no waiver may be found merely because of passage of time, as to any of the demands.

It will be observed that as to these policies there is no allegation of a promise by defendants to pay the loss other than in the terms of the original policies; therefore, here that alleged ground of waiver of the rights of defendants under the policies does not exist.

It remains to be determined whether defendants' nomination of their own original appraiser as an arbiter waives their right to examination or their right to arbitration. We will assume, for the purposes of determining the case on the pleadings, that the said appraiser is not disinterested, as required by the policies, by virtue of the fact that he previously acted as an appraiser for defendants in their estimation of the damage of the fire here involved. There is no allegation that defendants have expressly admitted or denied liability for the fire loss covered by the policies.

Plaintiffs rely on the opinion in Hall v. Western Assurance Co., 133 Ala. 637, 32 So. 257, for the proposition that the naming of a disqualified appraiser was a breach of the insurance contract. This case so holds only in circumstances where the adverse party is ignorant of the facts which show interest, and the appraiser in question is actually appointed and the arbitration work commences. Here neither of these circumstances exist. If the appraiser Camp is interested, plaintiffs know all the facts relative thereto, and knew them as of the date defendants suggested his name. Also the arbitrators have not yet actually been effectively appointed, and plaintiffs still have the opportunity to suggest that defendants' appointee be changed, pointing out any reason for bias that may exist. It is possible that defendants may agree to the change. Plaintiffs, other than by these actions in court, have not made objection to the defendants touching the disqualification of the person named by defendants as their proposed arbitrator. This being true, no waiver has yet occurred. As stated in Hall v. Western Assurance Co., supra, "The naming of a person to act as appraiser by one of the parties was not a selection until the other had agreed to accept him." Under this view, plaintiffs not having agreed to accept Camp as an appraiser, he was not actu-

ally yet selected, plaintiffs know of his alleged interest, and still have the opportunity to have him replaced.

There being shown in the plaintiffs' complaint no waiver by defendants of their rights to examination of plaintiffs and plaintiffs' records and to have the loss arbitrated, defendants must here prevail.

An appropriate order will be made in each case.