**SIMONETTI et al. v. NIAGARA FIRE INS. CO. OF NEW YORK.**

**SAME v. PHŒNIX INS. CO. OF HARTFORD, CONN.**

**SAME v. NORTH RIVER INS. CO. OF NEW YORK.**

Civ. A. Nos. 5254–5256.

District Court, N. D. Alabama, S. D.

Feb. 12, 1947.

Wilkinson & Skinner, of Birmingham, Ala., for plaintiffs.

F. W. Davies, of Birmingham, Ala., for defendants.

LYNNE, District Judge.

A statement of the historical background of these actions will be of assistance in defining the scope of the issues before the court on motions of the defendants for summary judgments.

On the 29th day of April, 1941, plaintiffs filed their petition for declaratory judgment in the Circuit Court of the Tenth Judicial Circuit of Alabama against the defendant, North River Insurance Company of New York, a corporation (hereinafter referred to as Case No. 5256), and, on the same date filed a similar petition in said court against the defendant, the Phoenix Insurance Company of Hartford, Connecticut, a corporation (hereinafter referred to as Case No. 5255). On the 7th day of May, 1941, said plaintiffs filed a similar petition in said court against the defendant, Niagara Fire Insurance Company of New York, a corporation (hereinafter referred to as Case No. 5254).

On the 30th day of May, 1941, each of said cases was removed to this court because of the diversity of citizenship.

Thereafter, each defendant filed in this court a motion to dismiss plaintiffs' cause of action. After consideration of said motions and of the elaborate briefs submitted by counsel, the court, on the 26th day of March, 1942, entered an opinion in each of said cases (reported in D.C., 43 F.Supp. 933) expressing the view that each of said motions was well taken. On the 9th day of September, 1943, a formal order of dismissal was entered in each case. On the 24th day of September, 1943, each of said orders of dismissal was set aside and plaintiffs were allowed ten days within which to amend their petition in each case. Amendments in each case were thereafter filed by plaintiffs on the 27th day of September, 1943, and each defendant filed a motion to dismiss the complaint, as amended. No action was taken by the court on said motions and plaintiffs again amended their petitions on the 10th day of May, 1944. To the petitions as then amended, each defendant filed a motion to strike that part of the petition which sought a declaratory judgment against it but did not challenge that part of the petition which prayed for a judgment against it on the policy of insurance concerned. Before said motions were acted upon, and on the 29th day of January, 1946, plaintiffs amended their complaints in Cases No. 5255 and No. 5256 to declare simply upon the policies of insurance and in Case No. 5254 to declare both upon the policy of insurance and upon an account.

To the complaint as last amended, each defendant has filed a motion to strike and a motion to dismiss on the ground that said amendment operated as an entire change of cause of action. Each defendant has likewise filed a motion for summary judgment with supporting affidavits, to which plaintiffs have filed counter-affidavits. Plaintiffs have also moved for a summary judgment in each case.

A difference between the issues presented in Case No. 5254 and the identical issues presented in Cases No. 5255 and No. 5256 requires separate treatment. However, there is this much common to each action: each defendant had issued to plaintiffs a policy of insurance covering property destroyed by fire on the 21st day of February, 1941; each policy provided in substance that in-

sured, as often as required, should submit to examinations under oath by insurer's representative, and should produce for examination all books of account, bills, invoices, etc., and that no action on the policy should be sustainable until full compliance by insured with the foregoing requirements, among others; each defendant had requested in writing that plaintiffs submit to an examination under oath and that they produce for examination their books of account, bills, invoices, etc.; plaintiffs had failed or refused to comply with each of said demands, and, finally, the prayer of each petition, until the aforesaid amendment of January 29, 1946, was for a declaration by the court that plaintiffs, by the conduct of the defendant, had been relieved of the duty of complying with said demands as a condition precedent to maintaining a suit upon the policy in question.

■ Defendants' motions to strike the complaints, as last amended, and to dismiss the complaints because they operate to effect an entire change of causes of action are due to be denied. While no prayer for relief by way of a judgment against the defendant on the policy concerned was included in either of the original petitions, the court might properly have awarded such relief in its discretion. Hunkins, etc., v. Penn. T. Com'n., D.C., 34 F.Supp. 26; Chase Nat. Bank of City of New York v. Citizens Gas Co., of Indianapolis, 7 Cir., 113 F.2d 217, 230.

While plaintiffs' amendments to their original petitions for declaratory judgments, filed on September 27, 1943, and May 10, 1944, as aforesaid, elaborate upon the facts explanatory of and circumstances attendant upon the conduct of defendants upon which they rely to excuse them from compliance with demands to submit to examination under oath and to produce their books and records, it is my conviction that they add nothing which, upon re-examination, would have been calculated to alter the former opinion of this court (D.C., 43 F.Supp. 933), with which I concur. Therefore, it would seem adequate to the issues made by defendants' motions for summary judgments to observe that, since each complaint is now a suit directly upon the policy of insurance involved, and since plaintiffs have not complied with conditions precedent to their right to maintain suits upon said policies, and since, as heretofore found by this court, they have not been relieved of the duty to comply with such conditions precedent by the conduct of defendants, and since the pleadings and affidavits on file in these causes tender no genuine issue as to any material fact, it would follow that each defendant would be entitled to a summary judgment, dismissing plaintiffs' suit against it, without prejudice, however, to the right of plaintiffs to institute a new suit when their loss becomes legally payable under said policy.

■ However, in view of the inherent differences between the three cases, to which reference was made above, and the exhaustive briefs submitted by able counsel for plaintiffs, I am impelled to attempt a contribution to the former opinion of the court. It is my considered opinion that the provisions in each suit policy, requiring the insured to submit to an examination under oath regarding the loss and to produce his books, etc., for examination, are reasonable and valid; that compliance by the insured with such provisions is a condition precedent to maintaining a suit upon such policy, and that, while the failure of the insured, without legal excuse, to comply with these provisions would not work a forfeiture of such policy, it would require the abatement of an action brought thereon. Gross v. St. Paul Fire & Marine Ins. Co., C.C.Minn., 22 F. 74; Merchants Ins. Co. v. Lilgeomont, Inc., 5 Cir., 84 F.2d 685; Humphrey v. Natl. Fire Ins. Co. of Hartford, Tex.Com. App., 231 S.W. 750; Fire Ins. Cos. v. Felrath, 77 Ala. 194, 54 Am.Rep. 58; Sims v. Union Assur. Society, C.C.Ga., 129 F. 804; Hickman v. London Assurance Corp., 184 Cal. 524, 195 P. 45, 18 A.L.R. 742; Aachen Fire Ins. Co. v. Arabian Toilet Goods Co., 10 Ala.App. 395, 64 So. 635; 7 Cooley's Briefs on Insurance, § 5807 et seq.; Claflin v. Commonwealth Ins. Co., 110 U.S. 81, 3 S.Ct. 507, 28 L.Ed. 76; Tucker v. Colonial Fire Ins. Co., 58 W.Va. 30, 51 S.E. 86; Georgia House of Interiors v. Glenn Falls Ins. Co., 21 Wash.2d 470, 151 P.2d 598; Pennsylvania Fire Ins. Co. v. Malone, 217 Ala. 168, 115 So. 156, 56 A.L.R. 1075; 7 Couch on Insurance, Sec. 1548 and Supp.

It remains to examine the facts urged by plaintiffs to constitute legal excuses for their failure or refusal to submit to examination under oath and to produce their books and records for inspection and examination.

### Case No. 5254

■ Plaintiffs contend that the defendant has waived its right to demand an examination under oath and to require the production of books and records because one Perry, who was defendant's authorized agent, procured the execution by plaintiffs of a written loss and damage agreement, in consideration of Perry's oral promise that defendant would pay to plaintiffs the amount of the agreed loss and damage, as set out in said written agreement, within a week or ten days thereafter. The pertinent extracts from said written agreement are set out in the former opinion of this court. In addition to what this court has said in regard to the inefficacy of said oral promise to operate as a waiver of conditions precedent in the suit policy or to constitute the basis of an action on account, included in the complaint as last amended, it now appears without dispute that said Perry is dead. The opposing affidavit with regard to such oral promise was made by one of the plaintiffs. Such testimony as to any transaction with or statement by said deceased agent of defendant is inadmissible under the provisions of the Code of Alabama 1940, Title 7, Section 433. Benson & Co., Inc. v. Foreman, 241 Ala. 193, 194, 1 So.2d 898.

### Cases Nos. 5255 and 5256

■■ It is contended by the plaintiffs that each defendant has breached the appraisal provisions of its policy by appointing an incompetent and interested appraiser, and that, therefore, the defendants are not only not entitled to enforce the appraisal or arbitration provisions of the policies but are also not entitled to enforce the terms of the policies providing for an examination under oath, and the production of books and records.

In its former opinion, this court held that the mere nomination by the insurer of a disqualified appraiser, who was never accepted by the insured because of his known disqualification and who never entered upon the process of arbitration, did not constitute a breach of the insurance contract. I think that conclusion is sound, but it is not necessary to decide that point in the present state of the pleadings. If it should be conceded that defendants had breached their contracts in this regard, it is my opinion that such breach would fall short of repudiation of the contracts by defendant or of an intentional abandonment equivalent thereto. Nor are these such cases as that justice would require that irrespective of repudiation or abandonment the plaintiffs, who claim to have been aggrieved by defendants' wrongful and oppressive use of the arbitration provisions in an effort to obtain an unfair admeasurement of the amount of the loss, should be relieved of a duty to treat the contracts as subsisting in so far as the ultimate issue of liability for such loss is concerned. Western Assur. Co. v. Hall, 120 Ala. 547, 24 So. 936, 74 Am. St.Rep. 48; Western Assur. Co. v. Hall Bros., 143 Ala. 168, 38 So. 853; McAllister-Coman Co. v. Matthews, 167 Ala. 361, 52 So. 416, 140 Am.St.Rep. 43; Birmingham News Co. v. Fitzgerald, 222 Ala. 386, 133 So. 31; Bassitt Lumber Co. v. Hunter Ben & Co., 238 Ala. 671, 193 So. 175; Mobley v. New York Life Ins. Co., 295 U.S. 632, 55 S.Ct. 876, 79 L.Ed. 1621, 99 A.L.R. 1166; New York Life Ins. Co. v. Viglas, 297 U.S. 672, 56 S.Ct. 615, 80 L.Ed. 971.

A summary judgment dismissing the action without prejudice will be entered in each of these three cases.