**AMERICAN MACARONI MFG. CO. v. NIAGARA FIRE INS. CO. OF NEW YORK.**

**SIMONETTI et al. v. PHŒNIX INS. CO. OF HARTFORD, CONN.**

**SAME v. NORTH RIVER INS. CO. OF NEW YORK.**

Nos. 12100–12102.

Circuit Court of Appeals, Fifth Circuit.

Nov. 14, 1947.

Horace C. Wilkinson, of Birmingham, Ala., for appellants.

Frank W. Davies, of Birmingham, Ala., for appellees.

Before McCORD, WALLER, and LEE, Circuit Judges.

PER CURIAM.

We find no fault with the conclusions, either of Judge Murphree in his opinion in these cases, D.C., 43 F.Supp. 933, or with those of Judge Lynne, successor to Judge Murphree, when the cases came to him. We think it is, therefore, unnecessary for any restatement by us except as to the contention of appellants that the demand upon them to submit to examination under oath and to produce their books and records, given by the attorney for the insurance companies, was unavailing in that it was not made to appear by legal evidence that such attorney was authorized to make such demand. It is insisted that even though the attorney filed an affidavit alleging that he was so authorized by the companies, such affidavit represented only his legal conclusion and was without factual value. A sufficient answer to this question is that the affidavit stated not only that the law firm of which he was a member was authorized to make the demand upon the insured but further states that that law firm was *"instructed and directed to make such demand."* This was a factual statement as distinguished from a legal conclusion, and the contention is without merit.

The judgment of the lower Court in each of the cases is affirmed.