The plaintiff appeals from a summary judgment for the defendant. We affirm.
Nationwide Mutual Insurance Company (Nationwide) insured an office building against fire for Charlotte Payne, who operated a real estate office in that building. A fire destroyed the building. An investigation by police, fire, and insurance authorities led all to believe that arson was the cause of the fire.
Ms. Payne filed a proof of loss, and, shortly thereafter, Nationwide commenced an examination of her under oath. Later, Nationwide initiated a declaratory judgment action against Ms. Payne to determine whether it was obligated to her under the policy of insurance. A short time later, Ms. Payne instituted a separate action against Nationwide and its agent, Larry Kirkland. As amended, her complaint claimed damages against Nationwide and Kirkland for a misrepresentation that her insurance would cover loss of income; for breach of contract for failure to pay her claim; for suppression by Kirkland of the alleged fact that Nationwide would obstruct and delay payment if a claim for fire loss were made; for bad faith refusal to pay her claim; and for intentional infliction of emotional distress. These cases were consolidated by the trial court. Later, in response to a defense motion, the trial court severed the declaratory judgment case and plaintiff's breach of contract count from the other issues.
A jury trial proceeded on the consolidated breach of contract and declaratory judgment issues, with Nationwide's defenses being arson and misrepresentation. Ms. Payne's motion for a directed verdict on the contract count was overruled. The trial resulted in a jury verdict in favor of Ms. Payne for $30,000 and interest. That judgment and the costs have been paid by Nationwide.
After the trial, Nationwide and Kirkland moved for summary judgment in Ms. Payne's action against them. Payne dismissed Kirkland and dismissed all counts except her count on bad faith refusal to pay. In its consideration of the summary judgment motion, the trial court had before it all the depositions, sixteen in number, taken in both cases; Ms. Payne's examination under oath; and the record of the trial in the declaratory judgment action. After considering this material, the trial court entered summary judgment in favor of Nationwide on the bad faith refusal to pay claim.
The question, then, is whether the trial court erred in granting that summary judgment.
It is a familiar principle of law that in order for summary judgment to be proper, the pleadings and other materials submitted in support must show that there is no genuine issue on any material fact, and *Page 36 
that the moving party is entitled to judgment as a matter of law. In other words, the moving party must show that the other party could not recover under any discernible set of circumstances, with all reasonable inferences to be considered in a light most favorable to the non-moving party. Bon SecourFisheries, Inc. v. Barrentine, 408 So.2d 490 (Ala. 1981).
Could Ms. Payne, under any discernible set of circumstances, recover in her action for bad faith refusal to pay?
Under Chavers v. National Security Fire Casualty Co.,405 So.2d 1, 7 (Ala. 1981):
 "[A]n actionable tort arises for an insurer's intentional refusal to settle a direct claim where there is either `(1) no lawful basis for the refusal coupled with actual knowledge of that fact or (2) intentional failure to determine whether or not there was any lawful basis for such refusal.'"
These general principles were further explained in NationalSecurity Fire Casualty Co. v. Bowen, 417 So.2d 179, 183 (Ala. 1982):
 "No lawful basis `means that the insurer lacks a legitimate or arguable reason for failing to pay the claim.' Gulf Atlantic Life Ins. Co. v. Barnes, Ala., 405 So.2d 916 (1981). When a claim is `fairly debatable,' the insurer is entitled to debate it, whether the debate concerns a matter of fact or law. Ibid.
 "Under those circumstances the plaintiff in a `bad faith refusal' case has the burden of proving:
 "(a) an insurance contract between the parties and a breach thereof by the defendant;
 "(b) an intentional refusal to pay the insured's claim;
 "(c) the absence of any reasonably legitimate or arguable reason for that refusal (the absence of a debatable reason);
 "(d) the insurer's actual knowledge of the absence of any legitimate or arguable reason;
 "(e) if the intentional failure to determine the existence of a lawful basis is relied upon, the plaintiff must prove the insurer's intentional failure to determine whether there is a legitimate or arguable reason to refuse to pay the claim.
 "In short, plaintiff must go beyond a mere showing of nonpayment and prove a bad faith nonpayment, a nonpayment without any reasonable ground for dispute. Or, stated differently, the plaintiff must show that the insurance company had no legal or factual defense to the insurance claim. [Emphasis in original.]
 "The `debatable reason' under (c) above means an arguable reason, one that is open to dispute or question. Webster's Third New International Dictionary (1931) at 116. See Chavers at 10; see also Embry, J., concurring on rehearing in Aspinwall v. Gowens, Ala., 405 So.2d 134 (1981)."
This was further amplified in National Savings Life Ins. Co. v.Dutton, 419 So.2d 1357, 1362 (Ala. 1982):
 "In the normal case in order for a plaintiff to make out a prima facie case of bad faith refusal to pay an insurance claim, the proof offered must show that the plaintiff is entitled to a directed verdict on the contract claim, and thus, entitled to recover on the contract claim as a matter of law. Ordinarily, if the evidence produced by either side creates a fact issue with regard to the validity of the claim and, thus, the legitimacy of the denial thereof, the tort claim must fail and should not be submitted to the jury."
Dutton thus emphasized the heavy burden borne by the plaintiff in a bad faith refusal case.
Thus, the controlling issue in this case becomes this: Was the trial court in error in the earlier tried contract action for submitting Payne's contract claim to the jury? If there was any such factual issue, then under Dutton the trial court was correct in granting summary judgment for Nationwide in plaintiff's bad faith refusal claim.
A complete recital of the evidence from that trial is unnecessary to show that such a factual issue existed. Nationwide's evidence tended to show Ms. Payne's history *Page 37 
of financial difficulty prior to the fire, e.g., that she had had checks returned unpaid because of insufficient funds and had been required to pay for telephone service by cashier's or certified checks. The fire itself was generally concluded to have been caused by arson. Three five-gallon gasoline cans were located on the burned premises. Gasoline was present. A hot plate on the back porch of the building was connected to the front office by an extension cord plugged to an electric socket. This was believed by firemen to have caused ignition of the gasoline which, when it exploded, was severe enough to move a wall.
After the fire, the desk drawers inside the building were found to be open and empty, and some desk drawers had been removed beforehand. All of Ms. Payne's business records were at her residence. Those records had been removed, according to her, several days before the fire. She had been to the office on the night of the fire. The front door of her office was locked when the firemen arrived. The chief of police stated that he talked with Ms. Payne on one occasion shortly after the fire, but that she would not talk with him after that.
During the investigation which followed the fire, Ms. Payne stated that her 1980 income was more than $10,000 or $20,000, yet she reported that income as $5,382 on her income tax return. During her examination by Nationwide, she refused to name her accountant, or the name of the person who prepared her tax return; she would not identify her bank accounts; and she would not disclose the names of her partners. At another such examination, Ms. Payne again refused to identify the person who prepared her tax returns. However, at her counsel's direction, she stated it was H R Block, but later said it was an individual named John Owens. She stated that she had only one bank loan at the time of the fire, but later testified to loans she had received from six other banks. Her proof of loss submitted to Nationwide exceeded the $25,000 coverage; an estimator for Nationwide estimated the loss to be slightly more than $5,000. Ms. Payne claimed the loss of an antique desk worth $3,500; the estimator found no evidence that such a desk had been in the office at the time of the fire.
Nationwide's evidence was disputed, especially that regarding the origin of the fire. Ms. Payne testified that she had been threatened by unidentified people over the telephone, attributing these threats to the fact that she had shown a house to a black couple. Nevertheless, Nationwide's evidence in the breach of contract case made an issue of misrepresentations which might void the policy. Code of 1975, § 27-14-28, states:
 "No misrepresentation in any proof of loss under any insurance policy shall defeat or void the policy unless such misrepresentation is made with actual intent to deceive as to a matter material to the insured's rights under the policy."
See also American Fire Casualty Co. v. Archie, 409 So.2d 854
(Ala.Civ.App. 1981).
In addition, Nationwide's evidence tended to establish a lack of cooperation in Ms. Payne's examination. The company was entitled to develop circumstantial evidence on the proof of arson, including the financial condition of the insured, ElgiHolding, Inc. v. Insurance Company of North America,511 F.2d 957 (2d Cir. 1975), and was entitled to require her examination under oath, Aachen Munich Fire Ins. Co. v. Arabian ToiletGoods Co., 10 Ala. App. 395, 64 So. 635 (1914). Moreover, by the express terms of the policy, it became void "if any insured has intentionally concealed or misrepresented any material fact or circumstances related to this insurance." Such a defense is recognized in Alabama. Section 27-14-28, supra; Hartford FireIns. Co. v. Clark, 258 Ala. 141, 61 So.2d 19 (1952).
Thus, it is readily perceived that the trial court was not in error for denying Ms. Payne's motion for a directed verdict in the contract action, because there were factual issues upon the validity of that claim. That being the case, Ms. Payne could not recover on her bad faith refusal claim; *Page 38 
hence, the trial court did not err in granting summary judgment as to that claim.
Let the judgment be affirmed.
AFFIRMED.
All the Justices concur.