4 So.2d 128

**NATIONAL UNION FIRE INS. CO. v. SCHWAB.**

**6 Div. 884.**

Supreme Court of Alabama.

June 26, 1941.

Rehearing Denied Oct. 23, 1941.

Coleman, Spain, Stewart & Davies, of Birmingham, for appellant.

Edgar Allen, of Birmingham, for appellee.

FOSTER, Justice.

This is a suit on a policy of fire insurance, in which the principal defense was fraud and false swearing in making the proofs as stipulated in a clause in the policy.

The pleas which set up such defense allege that plaintiff made the statements with intent to deceive. This is in recognition of the principle that such intent is a prerequisite to a plea of that sort. The statement is made in many authorities that such intent is a necessary element of the defense. 29 Am.Jur. 849, 850, §§ 1132, 1133; 26 Corpus Juris 383, § 493; Tubb v. Liverpool & L. & G. Ins. Co., 106 Ala. 561, 17 So. 615. And if the statements though false are inadvertently or innocently made, they do not defeat a recovery. Authorities supra.

Relying on the principle of Cartwright v. Braly, 218 Ala. 49, 117 So. 477, appellant insists that there may be fraud in law in affirming as true what is untrue though not known to be so, and contends that insured forfeits his claim of insurance, though he may have acted in good faith, not knowing that his statement was false in part, notwithstanding insured did not act to its prejudice in reliance on it.

But that case was applying the statutes as found in the Code of 1940, Title 7, sections 107, 108 and 110. Those statutes defining fraud and declaring its effect have reference by their terms to a situation where the opposite party acts in reliance on such representation to his damage. Whereas the fraud and false swearing here material are with reference to a clause in the policy whereby it is rendered void for insured to be guilty of fraud or false swearing before or after the loss.

It is settled in Alabama by Code of 1923, section 8364, Code of 1940, Title 28, section 6, that no misrepresentation in the proof of loss shall defeat or avoid the policy unless made with the actual intent to deceive or the matter misrepresented increase the risk of loss. This law applies

to fire insurance. Great American Ins. Co. v. Dover, 219 Ala. 530, 122 So. 658; Gunn v. Palatine Ins. Co., 217 Ala. 89, 114 So. 690. This risk of loss cannot be increased after the loss has occurred, so that misrepresentation in the proof of loss does not defeat or avoid the claim for an existing loss under the policy unless made with actual intent to deceive.

Although the Code section, supra, has express reference to misrepresentation in proofs of loss, we do not find where it has been analyzed in that connection. The actual intent to deceive claimed before loss has had consideration in various cases in life insurance law. See Code of 1940, Title 28, page 601 B, et seq. It is not difficult to understand what it means in any connection. And it is clear that the statutes defining fraud referred to in Cartwright v. Braly, supra, have no reference to a situation where another statute requires that the actual intent to deceive shall exist.

And in full recognition of his duty in pleading a breach of this clause, the pleader in the instant case alleged that the false swearing was with the intent to deceive, and did not allege that insurer was misled to his injury.

No point is taken on the failure to allege that the intent to deceive was "actual." But that word merely gives emphasis to the fact that constructive intent to deceive is not included in the statute. In the absence of objection to the manner in which the allegation is made we interpret the pleas to mean such intent to deceive as is sufficient to that end. This all emphasizes the fact that such a finding is essentially a jury question.

There was a verdict and judgment for plaintiff, and on this appeal the main feature of appellant's argument is as to error claimed in refusing to set aside the verdict and judgment because contrary to the great weight of the evidence.

The evidence showed that in the proof of loss there was one large cooler and ten horse power motor; three cash registers, one three story chicken coop. Plaintiff also stated in his oral examination, mentioned above, made soon after the fire, that they were lost in the fire. The cooler was shown to be an automatic cooler built to keep meat and other perishable foodstuff, and was originally operated by the ten horse power motor, but not then in use. Insured was owner of the store and certain furniture and fixtures, and had rented them to a tenant who was in charge. He had previously acquired the fixtures from another tenant in foreclosure of a mortgage. They included the ten horse power motor in connection with the cooler. Insured was an old man eighty years old and his eyesight was bad, and he could not see to read, but relied upon his secretary Bruno, who had been in his employ for some fifteen years or more. Bruno in renting the store for insured specified the cooler, but the items listed did not mention the motor used in connection with it. Bruno is alleged to have consented for the tenant to move the motor which was done before the fire. Bruno died soon after the fire, but before doing so he prepared the proofs and insured signed them not knowing that the motor had been moved, as he says. If this is true, he did not know that the proof and his statement on examination were not true, and the jury had a right to infer that he was entertaining the honest belief that they were true. The court left that to the jury, and refused to set aside the verdict because contrary to the great weight of the evidence.

But it is insisted that if the fraud was that of the agent of insured in the line and scope of his authority, it should be visited upon insured. But this principle does not apply if the fraud of the agent was in deceiving his principal, the insured, into an honest belief of the truth of his statements, and he made them in good faith with no intent to deceive. See 26 Corpus Juris 386, § 494; Mick v. Royal Exchange Assurance Corporation, 87 N.J.L. 607, 91 A. 102, 52 L.R.A.,N.S., 1074.

But insured must bear the consequences of false swearing by the agent who makes the proofs with intent to deceive, where insured has delegated to the agent as such the power and duty to do so. 29 Amer.Jur. 852, 853, § 1136. But that is different from the false swearing of the insured who signs the proof when in doing so he is misled or deceived by the agent into believing in the truth of his statements. When so, he did not have the actual intent to deceive, but is deceived himself.

Whether this insured, an old man and partly blind, and accustomed to rely on his secretary of long standing, was misled by him into making a false statement in the proofs with no intent to deceive the insurer is for the jury on the evidence shown here. Bruno, the secre-

tary, was dead, and not able to explain his side of it. Insured knew the motor was supposed to be there and had no information of its removal before the fire.

The claim is also made and the proof shows that one of three cash registers was not in the fire. But there were three turned over to the tenant, and were there when insured acquired the property, but one was removed without the knowledge of insured or of Bruno, as the jury could find from the evidence. One Courson went to the store while the tenant was in charge, and before the fire, and claimed to own one of the cash registers and took it away.

There is no evidence that insured or Bruno ever heard of this, and the jury could well find that there was no intent to deceive, but that the statement was made in good faith with every reason to believe it to be true.

There was also a chicken coop delivered to the tenant, and included in his receipt, which the jury could find insured had every reason to believe was in the fire, but it had been placed in another building and out in the open and was not in the fire. There is no occasion as to it on which to find cause to reverse the judgment on the ground of false swearing.

There was a contention also made as to the ownership of other small items which were in the fire, and that they did not belong to insured. There is no occasion to set aside the verdict on the ground of false swearing as to them, since the jury could well find an absence of intent to deceive.

The other assignments of error are without merit in our opinion.

Affirmed.

GARDNER, C. J., and THOMAS and BROWN, JJ., concur.