## ORIENT INS. CO. v. PARKHILL.
### No. 12314.

United States Court of Appeals
Fifth Circuit.
Nov. 26, 1948.

Frank W. Davies, of Birmingham, Ala., for appellant.

Claud D. Scruggs, of Gunbersville, Ala., for appellee.

Before McCORD and LEE, Circuit Judges, and MIZE, District Judge.

McCORD, Circuit Judge.

This suit was brought to recover on two policies of fire insurance which covered a building, equipment and stock used by plaintiff in manufacturing chenille bedspreads. The property insured was partially destroyed by fire on October 14, 1946.

The defenses interposed by defendant were: (1) fraud, (2) false swearing, (3) arson, or willful burning, (4) increase of hazard with the knowledge of insured, and (5) neglect of insured to use all reasonable efforts to save and preserve the insured property at the time of loss.

The case was tried to a jury, which returned a verdict for plaintiff, and assessed damages at $15,179.62.

Appellant complains of certain rulings by the trial court on the admission and exclusion of evidence, the granting and refusing of requested charges, and the overruling of a motion to set aside the verdict and grant a new trial. Specifically, appellant claims the plaintiff filed a sworn statement of loss before the trial which was false and fraudulent, and made with intent to deceive defendant; that plaintiff was further guilty of false swearing in her examination under oath both before and at the trial; and that the verdict was contrary to law and the great weight of evidence.

No good purpose can be served by detailing the voluminous record evidence. We consider it sufficient to observe that under Alabama law, in order for any misrepresentations of the assured to defeat recovery under a policy of fire insurance. they must have been made with actual intent to deceive, and if made inadvertently or innocently, they are insufficient to bar recovery. National Union Fire Ins. Co. v. Schwab, 241 Ala. 657, 4 So.2d 128. There was substantial evidence to support the finding of the jury that the sworn statements which were made by the assured were not made with intent to deceive. The trial court therefore properly refused to disturb the verdict in this regard. National Union Fire Ins. Co. v. Schwab, 241 Ala. 657, 4 So.2d 128; Metropolitan Life Ins. Co. v. Chambers, 226 Ala. 192, 146 So. 524; Title 28, Code of Alabama, 1940, Section 6.

The defense of arson or willful burning will not operate to defeat recovery under a fire insurance policy where, as here, there has been no finding of knowledge, authorization, or ratification of any such burning by the assured. Feibelman v. Manchester Fire Assur. Co., 108 Ala. 180, 19 So. 540; Hawkins v. Glen Falls Ins. Co., 115 W.Va. 618, 177 S.E. 442.

Although the evidence as to good character offered by plaintiff was originally inadmissible, appellant may not now be heard to complain in this regard. At the conclusion of the evidence, the trial court offered to exclude all testimony with reference to the plaintiff's character from the jury, but counsel for both parties then stated to the court that they considered such evidence competent under the issues involved, whereupon the court submitted such evidence to the jury. Cf. Drummond v. Drummond, 212 Ala. 242, 102 So. 112; Sharp v. Clopton, 218 Ala. 140, 117 So. 647.

We have carefully examined each and every assignment of error, and find them

without merit. The charge of the court was full and fair, and substantially covered every important phase of the case.

No reversible error appearing, the judgment is affirmed.