288 So.2d 728

**Betty BOWLEN**

**v.**

**STATE of Alabama DEPARTMENT OF PENSIONS AND SECURITY.**

**In the Matter of Melanie Mechelle BOWLEN.**

**Civ. 259.**

Court of Civil Appeals of Alabama.

Jan. 9, 1974.

Roy D. McCord, Gadsden, for appellant.

William J. Baxley, Atty. Gen, Mary Lee Stapp and Jamie L. Pettigrew, Asst. Attys. Gen., for State of Ala., Dept. of Pensions and Security, Montgomery.

WRIGHT, Presiding Judge.

This is an appeal from a decree of the Circuit Court of Etowah County, Alabama, wherein custody of a minor child of appellant was given to the Alabama Department of Pensions and Security.

The case first arose by a temporary order of the Juvenile Court on April 4, 1972. After hearing, custody of the child, Melanie Mechelle Bowlen, was given to the Department of Pensions and Security on December 13, 1972, by the Juvenile Court. From that decree, appeal was taken to the Circuit Court. Trial de novo was held and decree entered August 8, 1973. By the decree, custody of Melanie Bowlen was given to the Department of Pensions and Security.

Appellant has made 6 assignments of error. Assignment 1 is—"The trial court erred in overruling the appellant's objection to the question propounded to Mrs. Carolyn Helms, who, in answering said question, referred to an older child of the appellant. (Tr. pages 47, 48 and 49)."

■ We have examined the pages of the transcript referred to by this assignment. There are 6 separate objections to questions propounded and two motions to exclude. Some of the objections were sustained and the motions to exclude were granted. Since the question objected to is not set out in the assignment of error we are unable to determine which ruling of the court is being charged as error. We are not enlightened by argument in brief, as assignments 1, 2, 3 and 4 are argued in bulk under a general proposition of law. It is further observed that the transcript indicates that Mrs. Helms on the pages enumerated gives answers referring to an older child of appellant which answers were not objected to by counsel for appellant. Assignments of error must state, with reasonable clarity the specific erroneous ruling and point out the exact place in which it appears in the transcript. Dawson v. Thorpe, 47 Ala.App. 215, 252 So.2d 331, Supreme Court Rule 1; Maring-Crawford Motor Co. v. Smith, 285 Ala. 477, 233 So.2d 484.

Assignment of error 2 is—"The trial court erred in permitting the witness, Mrs. Carolyn Helms, to testify about receiving a letter. (Tr. page 50)." Again, we are not informed of what appellant complains—all of page 50 of the transcript concerns the receipt of a letter by Mrs. Helms. The only objection to any question posed to Mrs. Helms on page 50 was a general objection. The question objected to was not about receiving a letter. That testimony was already in evidence. The question objected to was "what did you discover as

a result of the action you took from this letter, first letter of November 1st?" As no other objection appears on page 50, we assume that the ruling of the court on the objection to the above question is the error intended to be charged by assignment 2. If so, it is not argued in brief on the grounds assigned thereto.

■ Argument in brief is based upon the proposition of law of hearsay. As the grounds of appellant's objection were general, the specific ground of hearsay was waived. Granberry v. Gilbert, 276 Ala. 486, 163 So.2d 641; Powell Ambulance Service v. Cooley, 273 Ala. 58, 134 So.2d 193. Rule 33, Circuit and Inferior Court Rules.

Assignment of error 4 complains of the failure of the court upon motion to exclude the relation by Mrs. Helms of information obtained by her in her investigation. Mrs. Helms' statement is too lengthy to set out here. Appellant's motion to exclude was on the ground that the testimony was hearsay. The court excluded a portion of her testimony but refused other, stating that it was the opinion of the court that the strict rules of evidence did not apply in cases involving the neglect of a child.

■ Such opinion by the court was incorrect. The relation by Mrs. Helms of information obtained by her in her discussions with persons unnamed and not present as witnesses was gross hearsay and inadmissible as evidence under the hearsay rule. We know of no exception to the hearsay rule arising out of a trial involving neglect of children.

■ Though the admission of certain portions of the hearsay testimony of Mrs. Helms over objection was error, we do not consider it prejudicial error and cause for reversal. The evidence of Mrs. Helms related to what she was told of the condition of the child when it was brought by the father to the home of the paternal grandpar-

ents in August, 1971. Substantially the same evidence had previously been presented in the case by the grandmother. Her testimony was not hearsay but from personal observation. If fact, the information received by Mrs. Helms came from the grandmother. Appellant was not injured by admission of hearsay testimony as to facts previously in evidence from the witness who was the source of the hearsay presented by the subsequent witness. Supreme Court Rule 45.

■ Assignments 5 and 6 are substantially the same in that they charge error in the entry of the decree. Such assignments attack the sufficiency of the evidence to support the decree.

We will briefly relate the evidence tending to support the decree of the court— Melanie Mechelle Bowlen was born in September, 1970. At the time of her birth, her mother, appellant, was a teenage girl who had previously been married and was the the mother of a son three years old. Her first husband was killed in an automobile accident. The father of Melanie was in military service and was killed in Vietnam in November 1971. Prior to going to Vietnam, the father, in August of 1971 came to see his wife and child who were living with her mother. Unable to find the mother, he took the child to the home of his parents in Georgia. Upon arrival in Georgia the child was eleven months old. She was observed to weigh only 13 pounds. She was filthy and without clothes. She had a pillow case wrapped around her feet. Her body had numerous scratches and sores. She was carried to a doctor and was treated for infection with a shot and medicine. She was bathed three times a day, and in November her sores had cleared up except for blue spots where the sores had been.

In November 1971, appellant came to Georgia, obtained warrants and took the child. In April 1972, the Department of Pensions and Security, responding to re-

**668**

ports of neglect, visited the home of appellant. They found Melanie extremely dirty, with bruises on her back near the top of her buttocks. She had a rash on her bottom and knots in her thighs. She had heavy nasal and chest congestion and dried mucus in her nose. The child was taken by the Department to the Judge of the Juvenile Court, who upon observing her entered a temporary order giving custody to the Department. Melanie was treated by a doctor and placed in a foster home. She remained there until hearing on December 13, 1972. After the hearing a further order was entered by the Juvenile Court granting custody to the Department. From that order came the appeal for trial de novo to circuit court. In January 1973, the Department placed Melanie in the home of the paternal grandparents in Georgia.

We have reviewed the evidence in light of the presumption that the decree of the trial court rendered after hearing ore tenus is correct. If the decree is substantially supported by the evidence it will not be reversed on appeal. Linderman v. Linderman, 49 Ala.App. 662, 275 So.2d 342. The judge of the Juvenile Court and the Judge of the Circuit Court have each heard evidence, observed the witnesses and entered decrees determining that the welfare of the child, Melanie, will be best served by granting custody to the Department of Pensions and Security. Though it is presumed in custody cases that the best interest of a child is served by placing custody in a parent, such presumption is overcome by evidence of neglect and abuse by such parent. Kennedy v. Department of Pensions & Security, 277 Ala. 5, 166 So.2d 736. There is substantial evidence in this case of such conduct.

The decree of the trial court is therefore affirmed.

Affirmed.

BRADLEY and HOLMES, JJ., concur.