Yvonne Archie's home was destroyed by fire in the early morning hours of June 19, 1978. Neither Mrs. Archie nor her two children were at home when the incident occurred. Testimony at trial indicated that neighbors were awakened by a "loud boom," observed flames coming out the windows and notified the fire department. The cause of the fire was not determined. The home was insured against fire loss by American Fire Casualty, appellant herein. The Farmer's Home Administration held a first mortgage on the property.
The insurance policy included the following pertinent coverage limitations:
Dwelling — $15,000
Unscheduled personal property — $7,500
Following the fire, Mrs. Archie contacted her agent and later talked with an adjuster. At the request of the adjuster and with the aid of an attorney, Mrs. Archie prepared an inventory of personal items lost in the fire, listing both the approximate original cost *Page 856 
and age of each item. She also executed a sworn proof of loss statement required by the insurer which set out her total loss as $25,647.57, including the dwelling and personal property. The American Fire Casualty Company paid the $14,606.70 balance owed on the mortgage to FHA and received an assignment thereof. Mrs. Archie's claim was not honored.
Upon the insurer's refusal to pay, Mrs. Archie sued in the Circuit Court of Covington County for $22,500, the maximum liability under the policy terms. The company defended by generally denying the complaint and raising the defenses of (1) intentional burning by the insured, and (2) misrepresentation in the application and in the proof of loss as to the value of the personal property insured.
At the conclusion of a jury trial, a verdict was returned against defendant for $7,894, an amount equal to the difference between the $15,000 dwelling and the $14,606.70 paid FHA, plus the $7,500 coverage of the contents. From that judgment, defendant appeals.
On appeal, the defendant contends that the trial court erred (1) in its instructions to the jury regarding misrepresentation; (2) in several evidentiary rulings, (3) in its failure to grant a directed verdict, and later a judgment notwithstanding the verdict; and (4) by commenting on the evidence.
The policy contained the following provision:
 This entire policy shall be void if, whether before or after loss, the insured has willfully concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof, or the interest of the insured therein, or in case of any fraud or false swearing by the insured relating thereto.
Defendant contends that plaintiff made misrepresentations both in her application for the policy and in the claim of loss.
There is a difference in the required elements of misrepresentation before loss and misrepresentation after loss. Before loss, a misrepresentation must be material to an increase in the risk of loss and must be relied on by the insurer to its prejudice. See, Hartford Fire Insurance Co. v. Clark, 258 Ala. 141, 61 So.2d 19 (1952); National Union Fire Insurance Co. v.Schwab, 241 Ala. 657, 4 So.2d 128 (1941). After loss, a misrepresentation need only be made with the actual intent to deceive and be related to a matter which is material. Hartford,258 Ala. at 151, 61 So.2d 19; National Union, 241 Ala. at 659,4 So.2d 128. Risk of loss is not at issue after the loss has occurred since it cannot be increased at that point. Hartford,258 Ala. at 150, 61 So.2d 19; National Union, 241 Ala. at 659,4 So.2d 128. Proof of loss misrepresentations are specifically referred to in § 27-14-28, Code (1975), which provides that:
 No misrepresentation in any proof of loss under any insurance policy shall defeat or void the policy unless such misrepresentation is made with actual intent to deceive as to a matter material to the insured's rights under the policy.
The trial judge refused written charges requested by defendant as to misrepresentation in the application and in proof of loss. However, he charged as follows in his oral charge:
 [F]or the defendant to sustain its plea of misrepresentation, the defendant has the burden of reasonably satisfying the jury, from the evidence, that there was a misrepresentation by the plaintiff. That the matter misrepresented was material to the risk of loss. That the misrepresentations were false and made with either actual intent to deceive and that the representations were relied on by the defendant to its prejudice.
At the close of the oral charge, out of the presence of the jury, defendant's counsel spoke to the court concerning the charge. As relevant, he said as follows:
 Just a couple of things, your honor. I also think the charge covered just about everything. But I do want to object for the record for the failure of the court to give all of our requested charges. (He then spoke to an aspect of the case not in issue on appeal). . . . The other objection *Page 857 
of substance that I had is on our charge on the misrepresentation where you indicated that the misrepresentation would have to increase the loss. I understand that misrepresentation after the loss can void the policy, if it is done with intent to deceive, and, the insurance company was prejudiced and it is in the policy that it won't increase the loss. But it would be grounds to void the policy.
The court responded:
 I thought I said or I thought I put it in. Anyway I hope I did.
Counsel responded:
That's all I have.
The defendant claims error in that the court's charge referred only to misrepresentation prior to loss and ignores the elements of misrepresentation after loss.
We have set out all aspects of the charge and objections of counsel referrable to the defenses of misrepresentation. We first comment that the recorded objection that the court failed "to give all of our requested charges" is not sufficient under Rule 51, A.R.C.P., which requires specific objection and statement of grounds therefor. Wright v. Waters, 367 So.2d 960 (Ala. 1979). We next comment that the second referenced objection appears to apply to the oral charge and complains of the absence of certain terminology which the court did in fact use. Thus the complaint appears to be without foundation. However, the compelling reason for our holding of absence of reversible error is that our review of the evidence fails to discern any factual support for the defenses of misrepresentation either before or after loss. Therefore, we conclude that any defect in the charge as given has not affected the substantial right of the defendant and is therefore subject to Rule 45, A.R.A.P.
Defendant also assigns as error several evidentiary rulings of the trial court.
First, defendant contends that the following between Mrs. Archie and her attorney, Mr. Lindsey, was erroneously allowed:
 Q. Mrs. Archie, at any time, did anybody from this insurance company come to you or communicate with you or say to you that they disagreed with the value of ten thousand six hundred and forty-seven dollars and fifty-seven cents ($10,647.57) —
Mr. Stokes: We object.
Q. That you put on your personal property.
 Mr. Stokes: We object. Unless there is some identification as to who it was.
The Court: Overruled.
Q. At any time, did anybody object to that?
A. No.
Mr. Stokes: We object to the hearsay.
Defendant's contention on appeal is that the testimony should not have been admitted as an admission by silence or a prior inconsistent statement. This objection was not properly raised in the court below and thus will not be considered on appeal.Swindall v. Speigner, 283 Ala. 84, 214 So.2d 436 (1968). The hearsay objection will not be considered. It was untimely made in the trial court since it came after the response. Wilkinson v.Duncan, 294 Ala. 509, 319 So.2d 253 (1975). The general objection made in a timely fashion did not include the specific objection of hearsay. See, Bowlen v. State Department of Pensions andSecurity, 51 Ala. App. 665, 288 So.2d 728 (1974).
The second evidentiary issue is raised by the following testimony which was objected to at trial in a timely fashion on the basis of hearsay:
 Q. And were they unable to find what you were looking for —
Mr. Stokes: We object to the hearsay.
The Court: You may answer what was found.
A. No, they didn't find anything.
Mr. Stokes: We object.
Q. Thank you.
 Mr. Stokes: Excuse me. We object to that and move to exclude it because he is telling what somebody in Enterprise did.
The Court: Overruled. *Page 858 
The trial court erred in its ruling on the proper hearsay objection and the motion to exclude. Evidence based on the competency and credibility of one other than the witness is properly defined as hearsay. Pasquale Food Co. v. L. H.International Airmotive, Inc., 51 Ala. App. 127, 283 So.2d 438,cert. denied, 291 Ala. 795, 283 So.2d 448 (1973). We do not find this to be prejudicial error since the same testimony was admitted at another stage of the trial without error. HarveyRagland Co. v. Newton, 268 Ala. 192, 105 So.2d 110, 113 (1958).
Defendant also contends that the trial court erred in denying its motion for directed verdict following the plaintiff's case or for judgment notwithstanding the verdict subsequent to the jury's return.
In light of the scintilla of evidence rule and viewing the evidence most favorable to the non-movant, we hold that the trial court properly denied directed verdict. See, Nationwide MutualInsurance Co. v. Herren, 362 So.2d 253 (Ala.Civ.App.), cert.denied, 362 So.2d 256 (Ala. 1978); Beloit Corp. v. Harrell,339 So.2d 992 (Ala. 1976). A motion for judgment notwithstanding the verdict cannot be granted unless the directed verdict should have been granted. Great Atlantic Pacific Tea Co. v. Sealy,374 So.2d 877 (Ala. 1979).
As to defendant's contention that the trial court erred in allowing Mrs. Archie's counsel to lead her on the subject of actual value of personal property lost in the fire, we note that the trial court has vast discretion in this area. See, McElroy's Alabama Evidence § 121.05 (3) (3rd ed. 1977). We acknowledge, however, that Rule 43 (b), A.R.C.P. sets out that, "Leading questions are generally allowed on cross-examination and, exceptwhen justice requires otherwise or as hereinafter set out, only on cross-examinations. . . ." (Emphasis ours.) We find no prejudicial error in this instance since the same testimony was repeated later on examination of the witness by the trial court without objection. See, Harvey Ragland Co., supra.
The final issue on appeal is whether the trial court committed error by commenting on the evidence. No objection was made below, thus there is nothing for our review on appeal. Lane v. Lee,50 Ala. App. 75, 277 So.2d 352 (1973); Chambers v. Burgess,50 Ala. App. 591, 281 So.2d 643 (1972). We do not find the remarks of the court to be a comment upon the evidence.
The judgment below is affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.